IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL R. DEAN,                           No.  CIV.S-04-2581 DAD

      Plaintiff,

  v.                                      ORDER

JO ANNE B. BARNHART,
Commissioner of Social
Security,

      Defendant.
_____/

      This social security action was submitted to the court, without oral argument, for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.  For the reasons explained below, the decision of the Commissioner of Social Security ("Commissioner") is affirmed.

### PROCEDURAL BACKGROUND

      Plaintiff Daniel Raymond Dean applied for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act (the "Act"), respectively.

1

(Transcript (Tr.) at 69-71, 258-61.)  The Commissioner denied plaintiff's applications initially and on reconsideration.  (Tr. at 57-66.)  Pursuant to plaintiff's request, a hearing was held before an administrative law judge ("ALJ") on May 4, 2004, at which time plaintiff was accompanied by a non-attorney representative.[1]  (Tr. at 31-54.)  In a decision issued on June 7, 2004, the ALJ determined that plaintiff was not disabled.  (Tr. at 9-22.)  The ALJ entered the following findings:

>    1.  The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.
>
>    2.  The claimant has not engaged in substantial gainful activity since the alleged onset of disability.
>
>    3.  The claimant's residuals of right hand injury and surgical repair; obesity; and diminished vision of the left eye are considered "severe" based on the requirements in the Regulations 20 CFR §§ 404.1 520(c) and 416.920(b).
>
>    4.  These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix I, Subpart P, Regulation No.4.
>
>    5.  The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

---

[1] While the transcript of the administrative hearing indicates that the representative appearing at the hearing was an attorney, both the ALJ's decision and the parties in their briefs before this court refer to that representative as a non-attorney.

2

6. The claimant has the following residual functional capacity: lift and/or carry 25 pounds frequently and 50 pounds occasionally; stand and/or walk 6 hours in an 8-hour day; and sit 6 hours in an 8-hour day.  Pushing and/or pulling is unlimited other than as shown for lifting and/or carrying.  Further, the claimant is limited to occasional fine manipulation with the right hand, and would be precluded from work requiring excellent depth perception and/or field of vision.

7. The claimant's past relevant work as security guard did not require the performance of work-related activities precluded by his residual functional capacity (20 CFR §§ 404.1565 and 416.965).

8. The claimant's medically determinable residuals of right hand injury and surgical repair; obesity; and diminished vision of the left eye do not prevent the claimant from performing his past relevant work.

9. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision (20 CFR §§ 404.1520(t) and 416.920(f)).

(Tr. at 21-22.)  The Appeals Council declined review of the ALJ's decision on September 24, 2004.  (Tr. at 5-7.)  Plaintiff then sought judicial review, pursuant to 42 U.S.C. § 405(g), by filing the complaint in this action on November 24, 2004.

**LEGAL STANDARD**

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence and the proper legal standards were applied.  Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000);

3

Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).  The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive.  See Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Morgan, 169 F.3d at 599; Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion.  See Jones, 760 F.2d at 995.  The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, Sections 404.1520 and 416.920.  See Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  This five-step process can be summarized as follows:

/////

4

>Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
>Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
>Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is conclusively presumed disabled.  If not, proceed to step four.
>
>Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
>Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).  The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Yuckert, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

**APPLICATION**

Plaintiff advances two arguments in his motion for summary judgment.  First, plaintiff asserts that the ALJ erred in not fully crediting the opinion of consulting psychologist Michelina Regazzi, Ph.D., who examined plaintiff.  Next, he argues that the ALJ erred in not taking testimony from a vocational expert at the administrative hearing.  The court addresses plaintiff's arguments below.

As noted, plaintiff argues that the ALJ erred in his treatment of the opinion of examining psychologist Dr. Regazzi, who

5

examined plaintiff at the request of his attorney, David Shore.  (Tr. at 247-55.)  Where the opinion of an examining physician is uncontradicted by the opinion of another doctor, the ALJ must provide "clear and convincing" reasons for rejecting it.  See Lester, 81 F.3d at 830.  Where an examining physician's opinion is contradicted by that of another doctor, it can be rejected upon a showing of "specific and legitimate reasons that are supported by substantial evidence in the record."  Id.  There is no consensus between the parties regarding whether the opinion of Dr. Regazzi is "uncontradicted," such that the ALJ was required to set forth "clear and convincing" reasons in rejecting it, or "contradicted," such that "specific and legitimate" reasons based on substantial evidence were required.  The court finds that the ALJ's treatment of the opinion of the examining psychologist withstands scrutiny under either standard.

Following her examination and testing of plaintiff, Dr. Regazzi opined that plaintiff "might have a slower work pace, especially when writing is involved" and "may also have diminished mental alertness when working on tasks that require sustained concentration."  (Tr. at 251.)  Dr. Regazzi also noted that plaintiff "reports that he is having difficulties with short-term memory, likely due to his sleep disorder."  (Id.)  On a form accompanying her typed report, Dr. Regazzi indicated with check-marks and circles that plaintiff had limitations that were "moderate" or "moderately severe" in a number of areas of mental functioning.  (Tr. at 254-55.)

In rejecting the limitations upon plaintiff assessed by Dr. Regazzi, the ALJ relied on the content and tenor of the

6

psychologist's typed report as a whole.  In particular, the ALJ noted that Dr. Regazzi's mental status examination of plaintiff was unremarkable.  (Tr. at 249.)  Plaintiff also tested in the average range intellectually, with a full scale IQ of 102.  (Tr. at 249-50.) In fact, Dr. Regazzi indicated "No Diagnosis" with respect to Avis I and Axis II; "obesity; hypothyroidism; arthritis; angina, by report" with respect to Axis III; and "unemployment; shelter living" regarding Axis IV.  (Tr. at 251.)  No mental disorder was assessed. Plaintiff's Global Assessment Functioning ("GAF") score was 60.[2] (Id.)

The ALJ also noted, as did Dr. Regazzi, that plaintiff has no psychiatric history.  Plaintiff has never received any treatment in the form of counseling or medication with respect to any mental health problems.  (Tr. at 247.)  There are no mental health treatment notes of any kind in the record.

The court observes that on a disability report accompanying his applications for benefits, plaintiff identified only "obesity, hypothyroid, arthritis both ankles, knees, wrists, low vision [left] eye, lower disc problems in my back" as those conditions limiting his ability to work.  (Tr. at 75.)  At the administrative hearing, in response to questions from the ALJ and the non-attorney

---

[2] According to the DSM-IV, a GAF of 51-60 is indicative of the following: "Moderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) or moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers). American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 32 (4th ed. 1994).

7

representative, plaintiff identified only his back (Tr. at 37) and his low "energy level" (Tr. at 41) stemming from his thyroid condition as the conditions that keep him from working. Plaintiff's non-attorney representative solicited no mental health testimony from plaintiff. The absence in the record of any mental complaints on plaintiff's behalf further undermines plaintiff's present contention that mental limitations render him incapable of attending work regularly. Finally, as the ALJ noted, examining physician William H. Tellman, M.D., found plaintiff to have no significant mental limitations. (Tr. at 224-33.)

      The ALJ accurately characterized the record in discounting the limitations assessed by Dr. Regazzi. Even assuming the opinion of Dr. Regazzi was "uncontradicted," the evidence addressed above and identified by the ALJ establishes that the ALJ properly set forth "clear and convincing" reasons in rejecting Dr. Regazzi's opinion. Accordingly, the court finds that the ALJ properly found plaintiff to have no medically determinable mental impairment.

      Plaintiff's remaining argument is that the ALJ should have taken testimony from a vocational expert at the administrative hearing. However, the issue of whether vocational expert testimony is necessary does not normally arise until step five of the

/////
/////
/////
/////
/////

sequential analysis.[3]  Here, the ALJ determined that plaintiff could return to his past relevant work as security guard based upon plaintiff's own description of the requirements of that job as performed by him.  (Tr. at 20-21.)  As a result, the ALJ appropriately found plaintiff not disabled and ended the inquiry at step four of the sequential evaluation.  Under these circumstances, testimony from a vocational expert was not required and plaintiff's argument to the contrary is misplaced.  See Crane v. Shalala, 76 F.3d 251, 255 (9th Cir. 1996) (where ALJ determined that plaintiff's impairment did not prevent him from performing his past relevant work except for forest fire fighting and that he therefore was not disabled, a vocational expert was not required).

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment is denied;

2. Defendant's cross-motion for summary judgment is granted; and

/////

/////

/////

---

[3] Specifically, at step five the Commissioner can satisfy the burden of showing that the claimant can perform other types of work in the national economy, given the claimant's age, education, and work experience, by either: (1) applying the medical-vocational guidelines ("grids") in appropriate circumstances; or (2) taking the testimony of a vocational expert.  See Polny v. Bowen, 864 F.2d 661, 663 (9th Cir. 1988); Burkhart, 856 F.2d at 1340 (citing Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 578 (9th Cir. 1988) (Pregerson, J., concurring)).

3. The decision of the Commissioner of Social Security is affirmed.

DATED: May 24, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddad1\orders.socsec\dean2581.order